AF Approval ___N.A.___          Chief Approval ___C.B.___

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                   CASE NO. 6:23-cr-81-PGB-DCI

TROY MITCHELL MCGOWAN

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, TROY MITCHELL MCGOWAN, and the attorney for

the defendant, Aaron Delgado Esq., mutually agree as follows:

**A.**    **Particularized Terms**

    1.     Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Six

of the Indictment.  Count One charges the defendant with distribution of child

pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Count Six

charges the defendant with possession of child pornography, in violation of 18

U.S.C. § 2252A(a)(5)(B) and (b)(2).

Defendant's Initials _TMM_

2.  Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 5 years up to 20 years, a fine of not more than $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100.

Count Six is punishable by a maximum term of 20 years' imprisonment, a fine of not more than $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Defendant's Initials _TMM_    2

In addition, the Court shall impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of not more than $35,000 on any person convicted of any offense for trafficking in child pornography.

3.   *Apprendi v. New Jersey*

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a maximum sentence of 20 years' imprisonment may be imposed on Count Six because the following facts have been admitted by the defendant and are established by this plea of guilty: the defendant possessed child pornography that portrayed prepubescent minors and minors under 12 years of age.

4.   Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First:   The defendant knowingly distributed an item of child pornography;

Second:   The item of child pornography was distributed using any means or facility of interstate or foreign commerce, or had been shipped or transported in or affecting interstate or foreign commerce; and

Third:       When the defendant distributed the item, the
             defendant believed the item was or contained child
             pornography.

The elements of Count Six are:

First:       The defendant knowingly possessed items of child
             pornography;

Second:      The items of child pornography had been shipped or
             transported using any means or facility of interstate
             or foreign commerce;

Third:       When the defendant possessed the items, the
             defendant believed the items were child
             pornography; and

Fourth:      A visual depiction involved a prepubescent minor or
             a minor who had not attained 12 years of age.

5.   Counts Dismissed

At the time of sentencing, the remaining counts against the

defendant, Counts Two, Three, Four and Five will be dismissed pursuant to

Fed. R. Crim. P. 11(c)(1)(A).

6.   No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

related to the conduct giving rise to this plea agreement.

Defendant's Initials _JMMM_                4

7.   <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

8.   <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this plea agreement including, but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _TMwMw_                6

10.   <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following: Apple iPhone 7 Plus, seized from the defendant on March 29, 2023, which asset was used or intended to be used to commit the offenses charged in Count One and Six.

The defendant agrees and consents to the forfeiture of this asset pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the

Defendant's Initials _TMM_           7

forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Fed. R. Crim. P. 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing

Defendant's Initials _TMvMv_                    8

of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this plea agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of any substitute assets sought by the government.

Defendant's Initials _TMM_                  9

The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the plea agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

Defendant's Initials _TMvMv_                    10

11.   Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: Apple laptop serial number C1MRR4F4H3QF.

Defendant's Initials _TMJM_                    11

12.   Sex Offender Registration and Notification

       The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**   **Standard Terms and Conditions**

    1.   Restitution, Special Assessment and Fine

       The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses

Defendant's Initials _TMyMv_          12

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant

to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663,

including restitution as to all counts charged, whether or not the defendant

enters a plea of guilty to such counts, and whether or not such counts are

dismissed pursuant to this agreement.  The defendant further understands that

compliance with any restitution payment plan imposed by the Court in no

way precludes the United States from simultaneously pursuing other statutory

remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not

limited to, garnishment and execution, pursuant to the Mandatory Victims

Restitution Act, in order to ensure that the defendant's restitution obligation is

satisfied.

On each count to which a plea of guilty is entered, the Court

shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special

assessment is due on the date of sentencing.  The defendant understands that

this agreement imposes no limitation as to fine.

2.   <u>Supervised Release</u>

The defendant understands that the offenses to which the

defendant is pleading provide for imposition of a term of supervised release

upon release from imprisonment, and that, if the defendant should violate the

Defendant's Initials _TMMM_               13

conditions of release, the defendant would be subject to a further term of imprisonment.

     3.     <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

     4.     <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.     <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

Defendant's Initials _TMMy_      14

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this plea agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _TMM_          15

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly

waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the

Defendant's Initials _TMrMr_                    18

attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

    11.   <u>Factual Basis</u>

        Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _TMVMV_         19

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea

and no other promises, agreements, or representations exist or have been

made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this __20th__ day of September 2023.

<br>

ROGER B. HANDBERG
United States Attorney

<br><br>

_Troy Mitchell McGowan_
TROY MITCHELL MCGOWAN
Defendant

Terry B. Livanos
Assistant United States Attorney

<br><br>

Aaron Delgado, Esq.
Attorney for Defendant

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

<br><br>

Defendant's Initials _TMM_          20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:23-cr-81-PGB-DCI

TROY MITCHELL MCGOWAN

PERSONALIZATION OF ELEMENTS

**Count One:**

First:      On or about January 6, 2023, did you knowingly
            distribute an item of child pornography?

Second:     Was the item of child pornography distributed using
            a means and facility of interstate or foreign
            commerce, or had the item been shipped or
            transported in or affecting interstate or foreign
            commerce?

Third:      When you distributed the item, did you believe the
            item was or contained child pornography?

Defendant's Initials _TMM_                21

**Count Six:**

    <u>First</u>:        On or about March 29, 2023, did you knowingly possess items of child pornography?

    <u>Second</u>:    Had the items of child pornography been shipped or transported using any means or facility of interstate or foreign commerce, such as the internet?

    <u>Third</u>:      Did you believe the items were child pornography when you possessed the items?

    <u>Fourth</u>:    Did at least one of the visual depictions of child pornography involve a prepubescent minor or a minor who had not attained 12 years of age?

Defendant's Initials _TMMM_        22

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:21-cr-81-PGB-DCI

TROY MITCHELL MCGOWAN

### FACTUAL BASIS

Beginning on or about January 2, 2023, the FBI began a proactive undercover investigation using KIK[1] in an effort to identify individuals attempting to sexually exploit children using the internet. While acting in an undercover capacity, an FBI Special Agent (the "UC") joined a public chat room on KIK, the title of which appeared indicative of one that would attract users engaged in the trading of child pornography and sexual exploitation of children.

On January 3, 2023, the UC messaged app user "kev53095309" using the private message feature of the KIK application who was in the public chat room on KIK that the UC had joined, and a conversation ensued. KIK user "kev53095309" was later identified as the defendant, Troy Mitchell McGOWAN ("McGOWAN").

---

[1] KIK is an instant messaging mobile application that requires the use of the Internet. The Internet is a facility or instrumentality of interstate commerce.

Defendant's Initials _TMM_          23

On January 6, 2023, a conversation occurred between the UC and McGOWAN, whereupon McGOWAN sent an image of a female child approximately 11-13 years old to the UC. In the image, the child is wearing a striped shirt with spaghetti straps and shorts. The child is pulling the shirt down to expose her right nipple while looking at the camera. The UC upon receiving this responded: "Sexy! U got like anything more hardcore," to which the defendant responded to the UC by sending an image of child sexual abuse material (CSAM) to the UC, which was entitled: c28b5daf-cfa6-470c-8647-100c74176bc8.jpg. This was a color image of a female child approximately 9-11 years old. The child is fully nude with an adult's erect penis in the child's mouth. Under the female child is a fully nude adult female whose tongue is pressed against the prepubescent female's genitalia.

The UC and the defendant continued to engage in a conversation on KIK on January 6, 2023, whereupon the defendant distributed another video of CSAM to the UC, a file entitled: bbc90c77-c65e-42b0-92da-83fe44b7a259.mp4. This video is a color video with audio and was approximately forty-three seconds in length. It depicted a female child approximately 3-4 years old. The child is fully nude and lying face down. A fully nude adult male is rubbing his erect penis against the child's genitalia.

Defendant's Initials _TMMM_          24

Towards the end of the video, the adult male presses his face into the child's genitalia.

The UC and the defendant on January 6, 2023, continued their conversation, during which the defendant distributed a third image of CSAM. This third image of CSAM is a video of CSAM in a file entitled, f2a76716-8a13-44a8-87ff-683b725076b3.mp4. This is a color video with audio, that is approximately forty-three seconds in length. The video is of a female whose age is difficult to determine but who appears to be under the age of 18. The female has a childlike face but has breast development and pubic hair. The female takes off her clothes and rubs her hands across her body and genitalia. Towards the end of the video the female displays her anus to the camera.

On March 29, 2023, agents of the FBI executed a search warrant to search McGOWAN's residence which was located in the Middle District of Florida. McGOWAN was present at the residence and agreed to be interviewed by agents of the FBI. McGOWAN was shown a printout of the KIK private message conversation with the FBI UC that occurred beginning on January 3, 2023. McGOWAN recognized the photographs he sent to the FBI UC of an 11–13-year-old female child wearing a leotard. McGOWAN stated he pulled those images off the internet and did not know or have access to the child. McGOWAN acknowledged he used the KIK account username

"kev53095309" and that the account was logged in on his iPhone that he stated would contain child pornography. McGOWAN further acknowledged sending and receiving child pornography on KIK. When asked specifically about the conversation with the UC, McGOWAN, stated he did not remember the conversation; however, McGOWAN acknowledged that his actions were harmful to children. McGOWAN estimated the amount of child pornography on his phone, an iPhone 7 Plus, to be in the "100s" and affirmed there was infant, toddler, and teen child pornography on the phone. McGOWAN further stated that he knew he "messed up" and knew "it was wrong" and he "wants it to stop."

The FBI conducted a forensic review of McGOWAN' s Apple iPhone 7 Plus telephone that was seized from him on March 29, 2023.  The forensic review of the cellular telephone identified at least 769 videos containing CSAM and at least 66 images containing CSAM which included prepubescent minors under the age of 12, infants, toddlers, and child pornography involving bondage and bestiality, some of which are described as follows:

- A file entitled: 1_4958611924452376734.mp4. This is a color video with sound and is approximately 5 minutes and 9 seconds in length of a prepubescent minor female, based on her child-like

Defendant's Initials _TMVM_          26

size, childlike face, and child-like body features. The minor was licking a dog's penis.

- A file entitled VID-20180706-WA0031.mp4. This is a color video with sound approximately 23 seconds in length of an infant. The infant is in a diaper and the gender of the infant cannot be readily determined. An adult male is forcing his erect penis into the mouth of the infant as the infant is crying.

- A file entitled VID-20180707-WA0015.mp4. This is a color video with sound approximately 20 seconds in length of an infant male, fully nude. An adult male is holding the legs of the infant and rubbing his erect penis against the anus of the infant.

- A file entitled VID-20180706-WA0018.mp4. This is a color video with sound approximately one minute in length of an infant. The infant is face down and the gender of the infant cannot be readily determined. An adult male is forcing his erect penis against the genitalia of the infant while the infant cries.

- A file entitled VID-20171019-WA0008.mp4. This is a color video with sound approximately forty-eight seconds in length of a prepubescent minor female, based on her child-like size, child-like face, and child-like body features to include lack of pubic

Defendant's Initials _TMMM_          27

hair and lack of breast development. The minor is placing a dog's penis in her mouth repeatedly.

- A file entitled IMG_2881.jpg. This is a color image of a prepubescent minor female, based on her childlike size, child-like face, and child-like body features to include lack of pubic hair and lack of breast development. The minor's hands are tied above her head with yellow rope and her legs are bound with yellow rope forcing her legs apart exposing her vagina.

In addition to the imagery of CSAM found on the defendant's phone, there were at least 236 videos and images containing child erotica or explicit sexual conduct involving individual(s) whose age could not be determined.

Agents also reviewed the iPhone 7 plus for KIK chats between the defendant's KIK user account "kev53095309" and other user accounts for CSAM and discovered approximately 11 chats where the defendant had both distributed and received CSAM under the KIK name "kev53095309". For example, on or about March 14, 2023, the defendant using his KIK handle, "kev53095309", did knowingly receive a color image of minor female, approximately 3-4 years old with her vagina exposed to the camera. An adult male is beside her holding his partially erect penis which is contained in the image entitled: 43dc477f-a293-45f1-bc2a-865540485c13. Another example,

occurred on or about March 16, 2023, and on or about March 17, 2023, when the defendant using his KIK handle, "kev53095309," did knowingly receive a color image of a fully nude minor female approximately 9-11 years-old straddling an adult male and holding the adult male's erect penis in an image entitled 36082a66-6343-464f-9214-03e37b534cef.

Defendant's Initials _TMMW_                29